IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Richard C. GLESNER, Attorney at Law.

BOARD OF ATTORNEYS PROFESSIONAL RESPONSIBILITY, Complainant,

v.

Richard C. GLESNER, Respondent.

Supreme Court

*No. 99–3351–D. Filed February 23, 2000.*

## 2000 WI 18

(Also reported in 606 N.W.2d 173.)

¶ 1.  PER CURIAM.  We review, pursuant to SCR 21.09(3m),[1] the stipulation Attorney Richard Glesner entered into with the Board of Attorneys Professional·Responsibility (Board) in which he admitted to having engaged in professional misconduct by inflating two billings from his law firm to a client and inserting false time entries on those billings. The parties stipulated that a 60-day license suspension is appropriate discipline for that misconduct.

¶ 2.  We accept the parties' stipulation and impose the 60-day license suspension to which they stipulated. This is the second time Attorney Glesner will have been disciplined for professional misconduct, and his dishonesty and misrepresentation in the mat-

---

[1] SCR 21.09(3m) provides:

(3m) The board may file with a complaint a stipulation by the board and the respondent attorney to the facts, conclusions of law and discipline to be imposed. The supreme court may consider the complaint and stipulation without appointing a referee. If the supreme court approves the stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline. If the supreme court rejects the stipulation, a referee shall be appointed pursuant to sub. (4) and the matter shall proceed pursuant to SCR chapter 22. A stipulation that is rejected has no evidentiary value and is without prejudice to the respondent's defense of the proceeding or the board's prosecution of the complaint.

ter considered in this proceeding is sufficiently serious to warrant his removal from the practice of law for 60 days.

¶ 3. Attorney Glesner was admitted to practice law in Wisconsin in 1966 and practices in Madison. In June 1993, he consented to a public reprimand from the Board for having acted on behalf of one client while at the same time representing another client with conflicting interests without the latter's knowledge or consent, failing to disclose that conflict of interest to one of the clients, and giving misleading deposition testimony intended to evade discovery of the conflict he had an affirmative duty to disclose.

¶ 4. The instant case concerns Attorney Glesner's representation of a company seeking to acquire another company in 1996. A dispute arose between that client and the law firm over the billing of approximately $20,000 in the matter, and the firm agreed to accept approximately $7000 less than what it had billed in order to resolve the dispute.

¶ 5. Thereafter, angry with the client over the billing dispute and its resolution, Attorney Glesner, who was the firm's billing attorney for that client, summarily added $1500 to the current balance of a periodic bill he was given in February 1999 for approval or modification. The bill then was sent to the client without itemization of time entries but with only a summary of work done and a total dollar charge. The client paid that bill.

¶ 6. The following month, Attorney Glesner again was given a periodic bill for the client, to which he again added $1500 to the balance. The client did not pay that bill but asked for an itemization of time entries. When the firm's billing department sent him that request, Attorney Glesner reviewed the time

entries for the invoice and adjusted several of them upward in order to make it appear that the time spent on the matter justified the dollar amount of the bill. The time entries he adjusted were not his own but those of several other attorneys who had worked on the client's matter.

¶ 7. The parties stipulated that Attorney Glesner's conduct in this matter involved dishonesty, fraud, deceit, or misrepresentation, in violation of SCR 20:8.4(c),[2] and violated his fiduciary duty, established by case law, to the law firm where he was employed, as well as his duty of honesty in his professional dealings with his law firm. In mitigation of the seriousness of discipline to be imposed for that misconduct, the Board noted the lack of personal financial gain as a motivation. An aggravating factor considered by the Board was Attorney Glesner's violation of his duty of honesty in his dealings with his law firm and its clients.

¶ 8. We determine that a 60-day license suspension is the appropriate discipline to impose for Attorney Glesner's misconduct established in this proceeding. His vengeful and dishonest conduct toward a client cannot be dealt with less harshly. We impose that suspension effective the date this opinion issues, as the parties had stipulated.

¶ 9. IT IS ORDERED that the license of Richard Glesner to practice law in Wisconsin is suspended for 60 days, commencing the date of this order.

¶ 10. IT IS FURTHER ORDERED that Richard Glesner comply with the provisions of SCR 22.26

---

[2] SCR 20:8.4(c) provides:

It is professional misconduct for a lawyer to:
(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

concerning the duties of a person whose license to practice law in Wisconsin has been suspended.