IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Sharon A. DAVISON, Attorney at Law:

BOARD OF ATTORNEYS PROFESSIONAL RESPONSIBILITY,
Complainant,

v.

Sharon A. DAVISON, Respondent.

Supreme Court

*No. 00–1503–D. Decided March 15, 2002.*

2002 WI 24

(Also reported in 640 N.W.2d 508.)

1

¶ 1. PER CURIAM. We review the report and recommendation of the referee that the license of Sharon A. Davison to practice law in Wisconsin be suspended for six months as discipline for professional misconduct. The referee's findings of fact, conclusions of law, and recommendation for a six-month suspension were based on the parties' stipulation. The complaint filed by the Office of Lawyer Regulation (OLR)[1] against Attorney Davison asserted that she had over billed the state public defender (SPD) by charging parking expenses not actually incurred in cases in which the SPD had appointed her. The OLR complaint asserted, the parties stipulated, and the referee so found, that this constituted conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of SCR 20:8.4(c).[2]

¶ 2. We determine that the seriousness of Attorney Davison's professional misconduct warrants a suspension of her license to practice law in this state for six months. We agree with the referee's recommendation.

---

[1] Effective October 1, 2000, Wisconsin's attorney disciplinary process underwent a substantial restructuring. The name of the body responsible for investigating and prosecuting cases involving attorney misconduct was changed to the Office of Lawyer Regulation (OLR).

[2] SCR 20:8.4(c) provides:

It is professional misconduct for a lawyer to:

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

2

■

We further conclude that Attorney Davison should be required to make restitution to the SPD in an appropriate amount to be determined by the OLR and that she be required to pay, within 60 days of the date of this decision, the cost of these proceedings totaling $8717.21.

¶ 3. Sharon A. Davison was admitted to practice law in this state in 1981, and currently practices in Milwaukee. She has not previously been the subject of an attorney disciplinary proceeding. Based on the parties' stipulation, the referee found that from June 1992 to March 1995 Attorney Peter Vetter and Attorney James Weber were employed by Attorney Davison as salaried employees at her law offices. During that time both Attorney Vetter and Attorney Weber received several SPD appointments. All fees generated from such appointments were turned over to Attorney Davison.

¶ 4. Both Attorneys Vetter and Weber kept daily expense records regarding each SPD client they represented while working at Davison's law offices. Clerical staff at the firm would, by computer, calculate the time and expenses for each SPD client from the daily time sheets kept by Attorneys Vetter and Weber; in addition, Attorneys Vetter and Weber would submit their handwritten, contemporaneous time and expense slips for each file. The clerical staff would then compare the computerized time and expense sheets with the handwritten sheets and produce an itemization for each client which would then be turned over to Attorney Davison for review. Under the internal office procedures followed in Attorney Davison's law offices, Attorneys Vetter and Weber had pre-signed undated SPD payment vouchers which had been forwarded to Attorney Davison.

3

¶ 5. Attorney Davison would finalize each SPD voucher submitted over the signatures of Attorneys Vetter and Weber and tally the total hours and expenses in each case. She would then direct that the final billing be sent to the SPD for payment. The final vouchers submitted by Attorney Davison to the SPD for payment were not, however, reviewed by Attorneys Vetter or Weber prior to submission.

¶ 6. The OLR complaint against Davison alleged, and the referee so found based on the parties' stipulation, that Attorney Davison added expenses for parking to the final vouchers for each SPD appointment case even though no parking expenses had actually been incurred by Attorneys Vetter or Weber in specific SPD cases in which they had been appointed. The parties stipulated that on between 48 to 132 occasions between 1992 and 1995, Attorney Davison had submitted parking expenses allegedly incurred by Attorney Vetter to the SPD for payment even though not all of those parking expenses had actually been incurred by Attorney Vetter. It was further stipulated that the aggregate amount of those improper submissions regarding Attorney Vetter totaled between $585 and $1486.

¶ 7. Similarly, the parties stipulated and the referee so found that on between 51 to 78 occasions between 1993 and 1996, Attorney Davison had submitted parking expenses allegedly incurred by Attorney Weber to the SPD for payment even though not all of those parking expenses had actually been incurred by Attorney Weber. It was further stipulated that the aggregate amount of those improper submissions regarding Attorney Weber totaled between $283 and $763.

¶ 8. Based on the parties' stipulation of facts, the referee concluded that OLR had proven by clear and

4

convincing evidence that by charging the SPD for parking expenses not actually incurred, Attorney Davison had engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of SCR 20:8.4(c).

¶ 9. As a recommended discipline—again agreed to by the OLR and Attorney Davison—the referee recommended that this court suspend the license of Attorney Sharon Davison to practice law in this state for six months and that she be required to pay, within 60 days, the cost of these proceedings.

¶ 10. We adopt the findings of fact and conclusions of law set forth in the referee's report and recommendation. Attorney Davison's misconduct with respect to her submitting false vouchers to the SPD for payment for costs not actually incurred are serious failings warranting suspension of her license. We agree that a six-month suspension of her license to practice law is appropriate discipline for her professional misconduct.

¶ 11. IT IS ORDERED that the license of Sharon A. Davison to practice law in Wisconsin is suspended for a period of six months, effective April 26, 2002.

¶ 12. IT IS FURTHER ORDERED that Sharon A. Davison comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶ 13. IT IS FURTHER ORDERED that Sharon A. Davison make restitution to the state public defender's office, within 60 days of the date of this order, in an amount to be determined by the Office of Lawyer Regulation. If this restitution is not made within the specified time, the license of Sharon A. Davison to practice law in Wisconsin shall remain suspended until further order of this court.

¶ 14. IT IS FURTHER ORDERED that within 60 days of the date of this order Sharon A. Davison pay to the Office of Lawyer Regulation the costs of these proceedings, totaling $8717.21. If the costs are not paid within the time specified and absent a showing to this court of her inability to pay the costs within that time, the license of Sharon A. Davison to practice law in this state shall remain suspended until further order of this court.