IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Dan A. RIEGLEMAN, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Dan A. RIEGLEMAN, Respondent.

Supreme Court

*No. 02–0406–D. Decided February 25, 2003.*

2003 WI 3

(Also reported in 657 N.W.2d 339.)

¶ 1. PER CURIAM. We review the stipulation filed by Attorney Dan A. Riegleman and the Office of Lawyer Regulation (OLR) pursuant to SCR 22.12[1] setting forth findings of fact and conclusions of law regarding Attorney Riegleman's professional misconduct in connection with his handling of a financial settlement obtained in connection with his representation of a client involved in a motor vehicle accident. The parties stipulated to a 60-day suspension of Attorney Riegleman's license to practice law.

[1] SCR 22.12 provides: Stipulation.

(1) The director may file with the complaint a stipulation of the director and the respondent to the facts, conclusions of law regarding misconduct, and discipline to be imposed. The supreme court may consider the complaint and stipulation without the appointment of a referee.

(2) If the supreme court approves a stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline.

(3) If the supreme court rejects the stipulation, a referee shall be appointed and the matter shall proceed as a complaint filed without a stipulation.

(4) A stipulation rejected by the supreme court has no evidentiary value and is without prejudice to the respondent's defense of the proceeding or the prosecution of the complaint.

2

¶ 2. We approve the stipulation and adopt the stipulated facts and conclusions of law. We agree that Attorney Riegleman's misconduct warrants the suspension of his license to practice law. We accept the parties' stipulation that a 60-day suspension is appropriate discipline for this offense.

¶ 3. Attorney Riegleman was admitted to practice in Wisconsin in 1985. He resides in Sussex, Wisconsin. In 1995 he received a private reprimand. He has no other disciplinary history.

¶ 4. According to the OLR complaint filed in this matter, as well as the terms of the stipulation, Attorney Riegleman agreed to represent Scott Tennessen, who had been injured in a motor vehicle accident arising out of his employment. Attorney Riegleman filed a Worker's Compensation claim against Tennessen's employer and the employer's insurer, Continental Western Insurance Corporation (Continental).

¶ 5. Attorney Riegleman also filed a third party action on Tennessen's behalf against the driver of the other vehicle and against the driver's insurer, Allstate, in Butler County, Missouri.

¶ 6. In April 1997 Continental paid a total of $26,659.64 in benefits related to Tennessen's claim. By letter dated February 26, 1998, Continental's counsel sent a letter to Riegleman, advising him that Continental retained a lien in the amount of $26,650.64 on any and all proceeds recovered in the Missouri personal injury action. Subsequently, Allstate agreed to settle the Missouri personal injury action for $12,000, plus court costs.

¶ 7. On November 10, 1998, Allstate sent Attorney Riegleman a check for $12,000, along with a release and stipulation for dismissal of the Missouri action. That same day Attorney Riegleman wrote to Conti-

nental's counsel, stating that a settlement had been reached in the personal injury action. He set forth proposed calculations for distribution of the $12,000 settlement. According to Attorney Riegleman's calculations, Continental was entitled to only $429.25. Attorney Riegleman did not, however, advise Continental that he was already in receipt of a settlement check from Allstate.

¶ 8. After Attorney Riegleman filed the statement of costs in the Missouri personal injury action, Allstate paid the costs and Tennessen dismissed the action. In total Allstate paid $12,922.50 to settle the Missouri action.

¶ 9. On January 15, 1999, Attorney Riegleman endorsed the name "Continental" on the Allstate settlement check, followed by his own initials. He then deposited the settlement check into his trust account. He did not have Continental's permission to endorse the check with Continental's name.

¶ 10. That same day Attorney Riegleman issued a check to his client in the amount of $5000.35. He also issued a check to his law firm in the amount of $4790.35, leaving a balance of $2209.30 from the Allstate settlement in the trust account. He issued these checks without first notifying Continental or securing its consent to accept the figures he had calculated.

¶ 11. In April 1999, after making no further effort to contact Continental, Attorney Riegleman issued a check for the remainder of the settlement proceeds to his client. As of that date he still had not advised Continental that he had received the settlement funds from Allstate or otherwise provided Continental with an accounting of the funds.

¶ 12. Eventually Continental learned of the settlement. The ensuing negotiations to resolve the

dispute concerning the proper amount of Continental's lien claim took over nine months. In September 2000 Attorney Riegleman voluntarily agreed to pay, and did pay Continental $2500.

¶ 13. On February 14, 2002, the OLR filed a complaint against Attorney Riegleman. The complaint charged that by endorsing Continental's name on the settlement check from Allstate without Continental's consent, Attorney Riegleman engaged in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of SCR 20:8.4(c).[2] In addition, by failing to promptly notify Continental, in writing, of funds in which Continental had an interest, Attorney Riegleman violated SCR 20:1.15(b).[3] Finally, by failing to treat disputed property of which he was in possession and in which he and Continental both claimed interest, as trust property until there was an accounting and severance of the interests and the dispute was resolved, Attorney Riegleman violated SCR 20:1.15(d).[4]

---

[2] SCR 20:8.4(c) provides: "It is professional misconduct for a lawyer to: (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

[3] SCR 20:1.15(b) provides that:

(b) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person in writing. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall render a full accounting regarding such property.

[4] SCR 20:1.15(d) provides that:

(d) When, in the representation, a lawyer is in possession of property in which both the lawyer and another person claim

¶ 14. On or about August 26, 2002, the OLR and Attorney Riegleman executed a stipulation pursuant to SCR 22.12. In addition to stipulating to the facts as set forth above, the parties stipulated to discipline in the form of a 60-day suspension of Attorney Riegleman's license to practice law in Wisconsin, and agreed that Attorney Riegleman should pay the costs of the OLR proceeding.

¶ 15. On October 14, 2002, the referee issued a report and recommendation on this matter. The report and recommendation reflects the facts set forth herein and comments that endorsing a check payable to another is a serious violation of ethical requirements. The referee notes that this ethical violation was compounded by the failure to notify Continental of the handling of the settlement proceeds.

¶ 16. The referee acknowledged certain mitigating factors involved in this matter, including the fact that Attorney Riegleman eventually did reimburse Continental. In addition, the referee noted that there is no evidence that Attorney Riegleman personally benefited from his actions, or that his client was harmed by them. The referee agreed that a 60-day suspension is appropriate discipline for Attorney Riegleman's misconduct.

¶ 17. We adopt the findings of fact and conclusions of law set forth in the parties' stipulation. Attorney Riegleman's misconduct constitutes a serious breach of professional conduct and warrants suspension of his license to practice law. We accept the parties' conclusion that a 60-day suspension of his license is

interests, the property shall be treated by the lawyer as trust property until there is an accounting and severance of their interests. If a dispute arises concerning their respective interests, the portion in dispute shall continue to be treated as trust property until the dispute is resolved.

6

appropriate discipline for his professional misconduct and we direct Attorney Riegleman to pay the costs of the OLR proceeding. Therefore,

¶ 18. IT IS ORDERED that the license of Dan A. Riegleman to practice law in Wisconsin is suspended for a period of 60 days, commencing April 1, 2003.

¶ 19. IT IS FURTHER ORDERED that Attorney Dan A. Riegleman comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶ 20. IT IS FURTHER ORDERED that within 60 days of the date of this order, Attorney Dan A. Riegleman shall pay to the Office of Lawyer Regulation the costs of this proceeding in the amount of $1305.09. If the costs are not paid within the time specified, and absent a showing to this court of his inability to pay the costs within that time, the license of Attorney Dan A. Riegleman to practice law in Wisconsin shall be suspended until further order of the court.

¶ 21. JON P. WILCOX, J., did not participate.