263 Wis.2d 517 (2003)
2003 WI 101
665 N.W.2d 197
IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Sharon A. DAVISON, Attorney at Law:
BOARD OF ATTORNEYS PROFESSIONAL RESPONSIBILITY, Complainant,
v.
Sharon A. DAVISON, Respondent.
No. 00-1503-D.
Supreme Court of Wisconsin.
Decided July 7, 2003.
*518 On October 16, 2002, Sharon A. Davison filed a petition for reinstatement of her license to practice law in this state. The court suspended Davison's license to practice law for six months commencing on April 26, 2002, as discipline for her stipulated professional misconduct consisting of overbilling the state public defender by charging parking expenses not actually incurred in cases in which the public defender had appointed her. Based on the parties' stipulation and the referee's findings, this court agreed that Davison's admitted misconduct involved dishonesty, fraud, deceit or misrepresentation in violation of SCR 20:8.4(c). In re Disciplinary Proceedings Against Davison, 2002 WI 24, 251 Wis. 2d 1, 640 N.W.2d 508.
Following the filing of Davison's petition for reinstatement, a public hearing was held before a referee appointed in the matter. On April 17, 2003, the referee submitted his report recommending that Sharon Davison's license to practice law be reinstated having determined that she has the requisite moral character to practice law in this state and that such reinstatement would not be detrimental to the administration of justice or subversive to the public interest, and that she had fully complied with the terms of this court's order of suspension. The referee specifically found that Attorney Davison has fully complied with and satisfied the requirements set forth in SCR 22.31(1)(a) through (d) for reinstatement to the practice of law.
By memorandum dated November 14, 2002, the Board of Bar Examiners recommended that the reinstatement petition be granted, subject to Attorney Davison's compliance with current CLE requirements by reporting 30.0 approved hours, including 3.0 hours EPR; or by electing the exemption available at SCR *519 31.04(2) on the CLE Form 1 that will be due for the 2002-2003 reporting period.
The Office of Lawyer Responsibility has not filed a response to the referee's recommendation for reinstatement nor has it appealed from that recommendation.
We grant the petition for reinstatement upon the condition that Sharon A. Davison pay the cost of these proceedings and comply with the CLE requirements as specified in the BBE memorandum.
IT IS ORDERED that the license of Sharon A. Davison to practice law in Wisconsin is reinstated effective the date of this order.
IT IS FURTHER ORDERED that within 60 days of the date of this order Sharon Davison shall pay the Office of Lawyer Regulation the cost of these reinstatement proceedings now totaling $1835.22 as detailed in the OLR statement filed in this court. If these costs are not paid within the time specified and absent a showing to this court of her inability to pay the costs within that time, the license of Sharon A. Davison to practice law in this state shall remain suspended until further order of this court.
IT IS FURTHER ORDERED that the reinstatement of Sharon A. Davison's license to practice law in this state is subject to her compliance with the current CLE requirements as outlined above.