In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Thomas A. FADNER, II, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Thomas A. FADNER, II, Respondent.

Supreme Court

*No. 2004AP1944–D. Decided February 23, 2006.*

2006 WI 18

(Also reported in 709 N.W.2d 868.)

2

¶ 1.   PER CURIAM.   We review the recommendation of the referee that the license of Attorney Thomas A. Fadner, II to practice law in Wisconsin be suspended for nine months for professional misconduct, and that he be required to pay the costs of this proceeding. Attorney Fadner's misconduct involved his billing practices to the Office of the State Public Defender (SPD) and mishandling of payments to an investigator. We determine that the seriousness of Attorney Fadner's misconduct warrants the recommended penalty.

¶ 2.   Attorney Fadner was licensed to practice law in Wisconsin in 1996 and practiced in Oshkosh. He was privately reprimanded in 1998 for a violation of supreme court rules.

¶ 3. On July 22, 2004, the Office of Lawyer Regulation (OLR) filed a complaint alleging four counts of misconduct against Attorney Fadner. The complaint stated that Attorney Fadner was appointed on a number of SPD matters and in April, May and June of 2001, the SPD received invoices with questionable claims for time charges and photocopying reimbursements. The complaint also alleged that Attorney Fadner had engaged an investigator, and on at least three occasions, when the SPD paid Attorney Fadner for the investigator fees, he did not timely deliver the money to the investigator or deposit the investigator fees into his trust account.

¶ 4. Cheryl Rosen Weston was appointed referee. Although Attorney Fadner filed an answer to the complaint, he did not appear at scheduling conferences held after the initial conference, and ultimately, the referee struck his answer and entered a default judgment. Attorney Fadner has not appealed.

¶ 5. The referee issued a report on June 15, 2005. The report adopted each allegation of the complaint, noting a factual basis existed for its allegations. The referee found that after the SPD received questionable billings, it notified Attorney Fadner it was placing a hold on termination of parental rights billings that exceeded $10,000 in a case that did not go to trial. In a telephone call with the SPD, Attorney Fadner stated his billing system had problems, but his photocopying charges were duly incurred at a business called Kopy-Kats. The referee found Attorney Fadner was aware that under SPD rules, in-house copying charges were not reimbursable.

¶ 6. The referee further found that KopyKats consisted of one photocopy machine owned by Attorney Fadner. It was located in the building where Attorney

Fadner had his law office and for which Attorney Fadner paid rent out of his law office budget. KopyKats had no sign indicating it was open as a separate business, it had no staff, and it did not advertise. The referee determined KopyKats was not a separate business. On his invoices, however, Attorney Fadner had asked for reimbursement for third-party copy services that were actually performed by himself on his own machine. Additionally, he had charged sales tax to the SPD, but did not pay sales tax to the Wisconsin Department of Revenue during the time in question.

¶ 7. The referee stated that with respect to the billing irregularities for time charges, the SPD and Attorney Fadner reached a settlement agreement. The referee concluded that Attorney Fadner's conduct of charging the SPD for in-house photocopying on a machine he owned and for charging the SPD sales tax and not timely remitting sales tax to the Department of Revenue constituted fraud and deceit contrary to SCR 20:8.4(c).[1] The referee also concluded Attorney Fadner violated former SCR 20:1.15(a)[2] and (b)[3] concerning the

---

[1] SCR 20:8.4(c) states that it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

[2] Former SCR 20:1.15 applies to misconduct committed prior to July 1, 2004. Former SCR 20:1.15(a) provided in pertinent part that "[a] lawyer shall hold in trust, separate from the lawyer's own property, that property of clients and third persons that is in the lawyer's possession in connection with a representation or when acting in a fiduciary capacity. . . . All funds of clients and third persons paid to a lawyer or law firm shall be deposited in one or more identifiable trust accounts . . . ."

[3] Former SCR 20:1.5(b) provided in pertinent part that "upon receiving funds or other property in which a client or

safekeeping of property by taking funds belonging to the investigator, failing to deliver them to the investigator and failing to deposit them in Attorney Fadner's trust account.

¶ 8.  The referee noted the complaint did not identify the amounts of money allegedly improperly charged for copying, or for investigator services not timely deposited or delivered. While this information was relevant to the seriousness of the allegations, the referee concluded Attorney Fadner had foregone the opportunity to provide facts to mitigate the complaint's allegations.

¶ 9.  The referee also observed that in support of its request for the sanction of a license suspension of nine months, the OLR submitted evidence of a previous private reprimand issued in June of 1998 for a rule violation. Given that previous discipline had been imposed, and that the sanction recommended by the OLR was consistent with discipline imposed against other attorneys for similar conduct, the referee concluded that a nine-month license suspension was appropriate. *See In re Disciplinary Proceedings Against Davison,* 2002 WI 24, 251 Wis. 2d 1, 640 N.W.2d 508 (agreed upon six-month suspension for numerous parking expense billings not actually incurred). The referee also required Attorney Fadner to pay the costs associated with the proceeding. The OLR reported costs of $1411.88 as of July 6, 2005.

¶ 10.  We adopt the referee's findings of fact and conclusions of law. In reviewing a referee's report and

third person has an interest, a lawyer shall promptly notify the client or third person in writing . . . [and] promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive . . . ."

recommendation, we affirm the referee's findings of fact unless they are clearly erroneous. *See In re Disciplinary Proceedings Against Carroll,* 2001 WI 130, ¶ 29, 248 Wis. 2d 662, 636 N.W.2d 718. We review the referee's conclusions of law de novo. *Id.*

¶ 11.   We observe that the disciplinary process is designed "for the protection of the public, the courts and the legal profession." *In re Disciplinary Proceedings Against Harman,* 137 Wis. 2d 148, 150–51, 403 N.W.2d 459 (1987). "It is not the purpose of lawyer discipline to make whole those harmed by attorney misconduct, although restitution is one of the stated requirements for reinstatement of a suspended or revoked license." *Id.* at 151.[4] Thus, while the referee's recommendation of nine months suspension of Attorney Fadner's law license and payment of costs does not include the requirement of restitution, we are satisfied the recommendation is an appropriate discipline for his violation of supreme court rules.

¶ 12.   IT IS ORDERED that the license of Attorney Thomas A. Fadner, II to practice law in Wisconsin is suspended for nine months, effective March 30, 2006, and until further order of this court.

¶ 13.   IT IS FURTHER ORDERED that within 60 days of the date of this order Attorney Thomas A. Fadner, II pay to the Office of Lawyer Regulation the costs of this proceeding, provided that if the costs are

[4] A petition for reinstatement must show, among other things, that "[t]he petitioner has made restitution to or settled all claims of persons injured or harmed by petitioner's misconduct, including reimbursement to the Wisconsin lawyers' fund for client protection for all payments made from that fund, or, if not, the petitioner's explanation of the failure or inability to do so." SCR 22.29(4m).

not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Attorney Thomas A. Fadner, II to practice law in Wisconsin shall remain suspended until further order of this court.

¶ 14. IT IS FURTHER ORDERED that Attorney Thomas A. Fadner, II comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.