IN THE MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Stephen M. COMPTON, Attorney at Law:

OFFICE OF LAWYER REGULATION,
Complainant-Respondent,

v.

Stephen M. COMPTON, Respondent-Appellant.

Supreme Court

*No. 2006AP1036–D. Decided January 16, 2008.*

2008 WI 3

(Also reported in 744 N.W.2d 78.)

¶ 1. PER CURIAM. We review referee Kim M. Peterson's recommendation that the license of Attorney Stephen M. Compton to practice law in this state be suspended for a period of 60 days due to his professional misconduct.

¶ 2. We conclude that the referee's findings of fact are supported by satisfactory and convincing evidence. We further determine that the seriousness of Attorney Compton's misconduct warrants the suspension of his license to practice law for 60 days and that the costs of the proceeding, which are $4,622.69 as of January 24, 2007, should be assessed against him.

¶ 3. Attorney Compton was licensed to practice law in Wisconsin in 1992. He was publicly reprimanded in 2002 for falsely recording time he had worked on a contingency fee case. Public Reprimand of Stephen M. Compton, 2002–6.

¶ 4. When the events giving rise to this disciplinary proceeding occurred, part of Attorney Compton's practice included representing criminal defendants by appointment of the Office of the State Public Defender.

¶ 5. In the fall of 2000 Attorney Compton was appointed to represent J.M. in proceedings before the Wisconsin Supreme Court. J.M. was ultimately incarcerated at the Dodge County Correctional Institution. In late 2001 or early 2002, while incarcerated, J.M., a former paralegal, informed Attorney Compton that he would be interested in doing legal research work for Attorney Compton. In January 2002 Attorney Compton made arrangements whereby J.M. would perform legal research for him. Attorney Compton forwarded a case file to J.M. at the Dodge Correctional Institution without his client's prior knowledge or approval. J.M. performed legal research on this file for Attorney Compton. The referee specifically found that while J.M. was incarcerated, Attorney Compton did not have effective procedures in place to supervise J.M., to ensure that his conduct was compatible with Attorney Compton's pro-

fessional obligations, or to ensure that J.M. would be able to maintain the confidentiality of the client matter while working from prison.

¶ 6. Upon J.M.'s release from prison in May 2002, Attorney Compton hired J.M. as a paralegal. From May 2002 to July 2002, J.M. worked on a number of case files for Attorney Compton. He performed legal research, drafted correspondence, memos and pleadings, and met with clients.

¶ 7. The billing policies of the Office of the State Public Defender require that an appointed attorney submit bills for reimbursement for "reasonable hours" the attorney has spent working on client matters to which they have been appointed as counsel. The policies provide further that work done by another attorney will not be reimbursed unless specifically approved by the Office of the State Public Defender.

¶ 8. Despite this policy, Attorney Compton billed the Office of the State Public Defender for approximately 120 hours of work for legal services on various client matters when the work was actually performed by J.M. In three cases, Attorney Compton falsely certified to the Office of the State Public Defender that he had done all the legal work on the cases, when in fact J.M. had done much of the work.

¶ 9. J.M.'s work on Office of the State Public Defender case files was discovered when successor counsel in one matter reviewed a client's file and ascertained that J.M. had performed considerable work on the file.

¶ 10. In July 2004 the Office of the State Public Defender and Attorney Compton entered into a settlement agreement wherein Attorney Compton acknowledged wrongfully billing the Office of the State Public Defender for work actually performed by J.M. He

agreed to be decertified from the appointment list maintained by the Office of the State Public Defender, and further agreed that the Office of the State Public Defender could recoup $4,800 from bills submitted by Attorney Compton on outstanding cases. He self-reported this matter to the Office of Lawyer Regulation (OLR) in August 2004.

¶ 11. On May 1, 2006, the OLR issued a complaint alleging the misconduct described herein. On November 1, 2006, the parties executed a stipulation and no contest plea. Attorney Compton agreed to withdraw his answer and to permit the referee to use the OLR complaint as the factual basis for a finding of misconduct. A hearing was held to consider the appropriate sanction.

¶ 12. The referee concluded that by billing the Office of the State Public Defender for 120 hours of work at the appointed attorney rate when that work was actually performed by J.M., Attorney Compton engaged in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of former SCR 20:8.4(c).[1] The referee concluded further that by failing to adequately supervise J.M. while J.M. was performing

---

[1] Effective July 1, 2007, substantial changes were made to the Wisconsin Supreme Court Rules of Professional Conduct for Attorneys, SCR Chapter 20. *See* Supreme Court Order No. 04–07, 2007 WI 4, 293 Wis. 2d xv; and Supreme Court Order No. 06–04, 2007 WI 48, 297 Wis. 2d xlvii. Because the conduct underlying this case arose prior to July 1, 2007, unless otherwise indicated, all references to the supreme court rules will be to those in effect prior to July 1, 2007.

Former 20:8.4(c) states that it is misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

legal work from prison, Attorney Compton violated SCR 20:5.3(a) and (b), which provided in relevant part:

20:5.3 Responsibilities regarding nonlawyer assistants

With respect to a nonlawyer employed or retained by or associated with a lawyer:

(a) A partner in a law firm shall make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that the person's conduct is compatible with the professional obligations of the lawyer;

(b) A lawyer having direct supervisory authority over the nonlawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer.

¶ 13. Most of the discussion at the disciplinary hearing was devoted to the appropriate sanction for Attorney Compton's misconduct. The OLR requested the referee recommend a 90–day suspension. Attorney Compton requested the referee recommend a public reprimand.

¶ 14. The referee noted that it was troubling that Attorney Compton had engaged in this misconduct while he was negotiating his public reprimand in another disciplinary matter, a time when he should have been "extra vigilant." However, while not excusing the ethical violation or the potential harm to clients, the referee did note that J.M., a former paralegal, apparently performed competently and obtained "good results" for the clients. Ultimately, the referee concluded that a 60–day suspension was warranted, along with the payment of the costs of the disciplinary proceeding. *See, e.g., In re Disciplinary Proceedings Against Glesner,* 2000 WI 18,

233 Wis. 2d 35, 606 N.W.2d 173, and *In re Disciplinary Proceedings Against Davison,* 2002 WI 24, 251 Wis. 2d 1, 640 N.W.2d 508.

¶ 15. In his appeal, which he has since dismissed, Attorney Compton sought to distinguish his situation from *Glesner* and *Davison,* asserting that he never intended to deceive the Office of the State Public Defender and maintaining that his intentions were good. He self-reported the violation and has advised this court that he ceased practicing law as of August 1, 2007. He asks the court to impose any suspension retroactive to August 1, 2007.

¶ 16. The matter is submitted to the court for review of the referee's report and recommendation pursuant to SCR 22.17(2).[2]

¶ 17. In conducting our review, we will affirm the referee's findings of fact unless they are clearly erroneous. *See In re Disciplinary Proceedings Against Sosnay,* 209 Wis. 2d 241, 243, 562 N.W.2d 137 (1997). We review the referee's conclusions of law de novo. *See In re Disciplinary Proceedings Against Carroll,* 2001 WI 130, ¶ 29, 248 Wis. 2d 662, 636 N.W.2d 718. In accordance with our authority to supervise the practice of law in this state, we determine the level of discipline that is appropriate under the particular circumstances, independent of the referee's recommendation, but benefit-

---

[2] As noted, Attorney Compton initially filed an appeal from the referee's report and recommendation and appellate briefs were submitted by Attorney Compton and the OLR. On August 17, 2007, Attorney Compton filed a letter voluntarily dismissing his appeal. Accordingly, this matter is treated as a review of the referee's report pursuant to SCR 22.17(2).

ing from it. *See In re Disciplinary Proceedings Against Widule,* 2003 WI 34, ¶ 44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶ 18. The referee's findings of fact in this case have not been shown to be clearly erroneous, and we adopt them. We also agree with the referee's conclusions of law. We further agree with the referee's recommendation for a 60–day suspension of Attorney Compton's license to practice law in Wisconsin. Finally, we find it appropriate to require Attorney Compton to pay the full costs of this proceeding. We decline to impose the suspension retroactive to August 1, 2007, but, given Attorney Compton's assertion that he has ceased the practice of law, the suspension is made effective the date of this order.

¶ 19. IT IS ORDERED that the license of Stephen M. Compton to practice law in Wisconsin is suspended for a period of 60 days, effective the date of this order.

¶ 20. IT IS FURTHER ORDERED that within 60 days of the date of this order, Stephen M. Compton pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified, and absent a showing to this court of his inability to pay the costs within that time, the license of Stephen M. Compton to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 21. IT IS FURTHER ORDERED that, to the extent he has not yet done so, Stephen M. Compton comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.