# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2014AP2307-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Shawn G. Rice, Attorney at Law: <br><br> Office of Lawyer Regulation, <br>       Complainant, <br>   v. <br> Shawn G. Rice, <br>       Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST RICE

| | |
|---|---|
| OPINION FILED: | January 6, 2017 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | |
|   DISSENTED: | ABRAHAMSON, S. J., joined by BRADLEY, A. W. J., dissent (Opinion filed). |
|   NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2014AP2307-D

STATE OF WISCONSIN          :          IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Shawn G. Rice, Attorney at Law:**

**Office of Lawyer Regulation,**

      Complainant,

  v.

**Shawn G. Rice,**

      Respondent.

**FILED**

**JAN 6, 2017**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1 PER CURIAM. We review the report of Referee Christine Harris Taylor, concluding that Attorney Shawn G. Rice committed one count of professional misconduct as alleged in the Office of Lawyer Regulation's (OLR) complaint. Referee Taylor recommends the court suspend Attorney Rice's license for a period of 60 days and that we order Attorney Rice to pay the full costs of this disciplinary proceeding.

¶2 No appeal was filed from the referee's report so we review this matter pursuant to SCR 22.17(2).[1] After completing our review, we agree that the stipulated facts and the record are sufficient to establish that Attorney Rice violated SCR 20:8.4(c).[2] We further agree that Attorney Rice's license should be suspended for 60 days. We accede to the OLR's conclusion that restitution is not warranted. We deny Attorney Rice's objection to costs and direct him to pay the full costs of this disciplinary proceeding which are $14,064.72 as of August 29, 2016.

¶3 Attorney Rice was admitted to practice law in Wisconsin in 1993. He has been subject to professional discipline on one prior occasion. In 2007, he received a public reprimand for three counts of professional misconduct related to his personal involvement in a commercial real estate transaction in which he made false statements in a deposition and executed a document falsely reflecting an individual as a member of an LLC.

---

[1] SCR 22.17(2) provides:

If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

[2] SCR 20:8.4(c) provides: "It is professional misconduct for a lawyer to: . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

*In re Disciplinary Proceedings Against Rice*, 2007 WI 68, 301 Wis. 2d 94, 732 N.W.2d 440.

¶4 This matter came to the OLR's attention during Rice's acrimonious divorce proceeding. In 1996, Attorney Rice and Ms. Liesl M. Testwuide (Ms. Testwuide) were married. In 1992, when Ms. Testwuide was still unmarried and childless, Ms. Testwuide's parents created a trust for the benefit of Ms. Testwuide and her children. Ms. Testwuide was co-trustee of the trust along with Kenneth Kazmierczak, a business associate of Ms. Testwuide's father.

¶5 In 2010, Ms. Testwuide filed for divorce. In July 2011, while the divorce was pending, Ms. Testwuide filed a grievance with the OLR alleging that Attorney Rice had removed over $600,000 from the trust without proper authorization by forging Ms. Testwuide's signature and the signature of her co-trustee. Attorney Rice self-reported the same misconduct and, in October 2011, Attorney Rice submitted a lengthy written response to the grievance acknowledging that he signed documents without proper authorization but asserting Ms. Testwuide knew and tacitly approved his actions. Ms. Testwuide and Attorney Rice's divorce judgment was entered in October 2011; they continued to litigate custody, placement, and other issues.

¶6 On November 21, 2011, Ms. Testwuide filed a civil action against Attorney Rice and his former law firm, alleging fraud, conversion, and legal malpractice. *Testwuide v. Rice*, 2011CV1184, Sheboygan County. On December 18, 2012, the circuit court granted Rice's motion for summary judgment, ruling that

3

several claims were barred by the statute of limitations. In May 2013, a stipulation and order dismissing the remaining claims against Rice was entered.

¶7 On October 2, 2014, the OLR filed a disciplinary complaint alleging that Attorney Rice violated SCR 20:8.4(c) by forging the signatures of the co-trustees of the Liesl M. Testwuide 1992 Trust on various checks and documents. Initially, the OLR sought a six month license suspension. In July 2015, after pretrial discovery, the OLR and Attorney Rice executed a "Stipulation Regarding Factual Allegations and Disciplinary Charge." Attorney Rice admitted that he violated SCR 20:8.4(c) by preparing and executing, without authorization, numerous forms, checks and other Trust documents for a 12-year period during the marriage and continuing until Ms. Testwuide filed for divorce in 2010.

¶8 The referee accepted the stipulation. The parties continued to dispute the appropriate discipline and conducted additional discovery, including depositions.

¶9 Attorney Rice maintained that, under the circumstances, a public reprimand was sufficient. On April 15, 2016, days before a scheduled evidentiary hearing, the OLR reduced its recommendation from a six-month license suspension to a 60-day license suspension. Attorney Rice continued to assert that a public reprimand was sufficient, but the parties agreed to waive the scheduled hearing and permit the referee to resolve the question of appropriate discipline based on the

4

stipulation, the existing record, and the parties' written submissions.

¶10 The referee issued her report and recommendation dated August 9, 2016. Neither party appealed.

¶11 When we review a referee's report and recommendation in an attorney disciplinary case, we affirm the referee's findings of fact unless they are found to be clearly erroneous, but we review the referee's conclusions of law on a de novo basis. In re Disciplinary Proceedings Against Inglimo, 2007 WI 126, ¶5, 305 Wis. 2d 71, 740 N.W.2d 125. We determine the appropriate level of discipline to impose given the particular facts of each case, independent of the referee's recommendation, but benefiting from it. In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶12 There is no showing that the referee's factual findings are clearly erroneous and we accept them. The complaint alleges, Attorney Rice has stipulated, and the record supports the finding that Attorney Rice arranged for numerous checks and disbursals from the trust account, without authorization, the aggregate amount of which was several hundred thousand dollars.[3]

---

[3] We do not know how much money Rice transferred from the trust without proper authorization. The OLR states that its "investigation did not and most probably could not have calculated the total amount involved in the transactions at issue." See OLR's Restitution Statement at 1-2.

5

¶13 Supreme Court Rule 20:8.4(c) provides that it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation. The stipulation and the record before the court are sufficient to support a legal conclusion that Attorney Rice violated SCR 20:8.4(c).

¶14 The primary question in this matter is the appropriate discipline for Attorney Rice's misconduct. Factors relevant to determining appropriate attorney discipline include the seriousness, nature and extent of the misconduct; the level of discipline needed to protect the public, the courts, and the legal system from repetition of the attorney's misconduct; the need to impress upon the attorney the seriousness of the misconduct; and the need to deter other attorneys from committing similar misconduct. See In re Disciplinary Proceedings Against Hammis, 2011 WI 3, ¶39, 331 Wis. 2d 19, 793 N.W.2d 884; In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747.

¶15 The referee identified as aggravating factors, Attorney Rice's prior discipline, a dishonest or selfish motive, and the fact that the misconduct spanned years. As mitigating factors, the referee noted that Attorney Rice self-reported his misconduct and that he was cooperative in these proceedings.

¶16 After itemizing a number of unauthorized trust transactions, the referee stated that she was not persuaded by Attorney Rice's claim that it was "impossible" to locate the co-trustee after the co-trustee relocated to Minneapolis, and found

further that the "overwhelming information in this record supports the fact that [Rice's] misconduct in accessing Trust funds, without authorization was well in excess of any dollar amounts necessary to 'pay bills.'." However, the referee acknowledged the "personal nature of the issues leading [Rice] to engage in the misconduct that he admits to" and found credible Attorney Rice's assertion that he sincerely believed that he was acting as a "de facto" trustee.

¶17 Throughout these proceedings Attorney Rice has maintained that he engaged in the trust transactions, albeit unauthorized, but with the knowledge and consent of his wife, who was both a co-trustee and a beneficiary of the trust. He claims that she did not want to be involved in the marital finances. He maintains that the trust funds were used to support a marital lifestyle that exceeded their employment income, and paid for, among other things, property taxes, vacations, and the remodeling of a vacation home. He claims that Ms. Testwuide's grievance was both selective and incomplete in terms of the trust transactions it identified. The referee did not make specific findings in this regard, however, merely noting the "conflicting" evidence provided. There is no finding that Attorney Rice misused the trust funds.

¶18 In terms of the appropriate discipline, the referee described Attorney Rice's misconduct as serious, but ultimately accepted the OLR's recommendation for a 60-day suspension. She deemed analogous In re Disciplinary Proceedings Against Riegleman, 2003 WI 3, 259 Wis. 2d 1, 657 N.W.2d 339, in which

7

this court imposed a 60-day suspension upon a lawyer who endorsed a settlement check without the insurance company's consent, failed to inform the insurance company the lawyer was in possession of the funds, and distributed settlement funds despite knowing there was a dispute regarding the funds. See also In re Disciplinary Proceedings Against Glesner, 2000 WI 18, 233 Wis. 2d 35, 606 N.W.2d 173 (imposing 60-day suspension for adding unearned charges to a client's billing and creating an invoice with fabricated time entries); In re Disciplinary Proceedings Against Krueger, 2006 WI 17, 288 Wis. 2d 586, 709 N.W.2d 857 (imposing 60-day suspension for preparing and filing inaccurate bankruptcy schedules and failing to disclose a pre-bankruptcy debt owed to him by the debtor of over $7,000). The referee thus recommends the court suspend Attorney Rice's license for 60 days and further recommends that we impose the full costs of this proceeding on Attorney Rice.

¶19 Attorney Rice filed an objection to the OLR's statement of costs. He contends that he conceded all along that he committed the alleged misconduct but felt compelled to litigate the case because the OLR "overreached with respect to the punishment" it initially sought, namely, a six-month suspension. He contends that he was effectively left with "no viable course of action other than fully litigating the case" as occurred in In re Disciplinary Proceedings Against Frisch, 2010 WI 60, 326 Wis. 2d 128, 784 N.W.2d 670. He points out that the OLR reduced its requested discipline to a 60-day suspension a mere two days before a scheduled hearing, whereupon he agreed to

8

have the referee consider the matter on written submissions. He asks the court to impose only half the costs upon him.

¶20 The OLR maintains that full costs are appropriate. The OLR reminds the court that Attorney Rice continued to seek a public reprimand; that is, he did not "acquiesce" when the OLR reduced the recommended sanction, nor did he stipulate to discipline. The OLR maintains that its costs were incurred in the normal course of litigating this case.

¶21 We agree. We find no reason to depart from our general practice of imposing full costs on attorneys found to have committed misconduct. See SCR 22.25. While Attorney Rice did admit his misconduct and ultimately stipulated to certain facts, disagreement regarding the appropriate sanction resulted in the parties litigating this matter for some time and required the preparation of a referee's report.

¶22 Finally, we impose no restitution obligation on Attorney Rice. The OLR has not sought restitution and we accede to its determination that restitution is not appropriate in this case. See SCR 21.16(1m)(em) and (2m)(a)1.

¶23 IT IS ORDERED that the license of Shawn G. Rice to practice law in Wisconsin is suspended for a period of 60 days, effective February 17, 2017.

¶24 IT IS FURTHER ORDERED that Shawn G. Rice shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶25  IT IS FURTHER ORDERED that within 60 days of the date of this order, Shawn G. Rice shall pay to the Office of Lawyer Regulation the costs of this proceeding, which are $14,064.72 as of August 29, 2016.

¶26  IT IS FURTHER ORDERED that compliance with all conditions of this order is required for reinstatement.  See SCR 22.29(4)(c).

¶27 SHIRLEY S. ABRAHAMSON, J. *(dissenting).* I cannot join this per curiam because the stipulation, the referee's report, and this per curiam do not make clear the nature and extent of Attorney Rice's conduct that is charged as a violation of SCR 20:8.4(c). Without knowing the nature and extent of the conduct I cannot determine whether a violation of the Code occurred and, if there was a violation, the appropriate discipline. Accordingly, I dissent.

¶28 I am authorized to state that Justice ANN WALSH BRADLEY joins this dissent.