IN the MATTER OF DISCIPLINARY
PROCEEDINGS AGAINST Donald J.
HARMAN, Attorney at Law.

Supreme Court

*No. 86–1337–D. Filed April 9, 1987.*

(Also reported in 403 N.W.2d 459.)

PER CURIAM. *Attorney disciplinary proceeding; attorney publicly reprimanded.*

The referee recommended that Attorney Donald J. Harman be publicly reprimanded for failing to turn over a client's file to successor counsel in a divorce matter, notwithstanding a court order to do so, and for charging another client an excessive fee. The referee also recommended that Attorney Harman be ordered to pay the costs of this proceeding and to pay restitution to each of the clients for losses they incurred as a result of his misconduct. While we determine that a public reprimand is an appropriate disciplinary response to the seriousness of Attorney

Harman's misconduct, we do not find it appropriate to order restitution in this matter for the reason that the amount of the losses incurred by the clients was not ascertained in the course of this proceeding.

Attorney Harman was licensed to practice law in Wisconsin in 1960 and practices in LaCrosse. He has not previously been the subject of a disciplinary proceeding. The referee is Attorney Cheryl Rosen Weston.

The referee made findings of fact on the basis of a stipulation of the parties. In May, 1984 a woman named Jackson retained Attorney Harman to represent her in a divorce. At the final hearing in that action, Attorney Harman requested and received from the court additional time to submit further information. The client then hired other counsel to conclude the divorce action, and that attorney obtained an *ex parte* order substituting herself for Attorney Harman and ordering him to turn over all files and records in the matter to her. Attorney Harman failed to comply with that order or with the successor counsel's request to turn over the files in the divorce action.

In a second matter, a woman named Atterholt retained Attorney Harman in July, 1981, to represent her in a divorce action. Attorney Harman and the client had agreed that his fee would be at an hourly rate but there was a dispute whether that rate was $65 or $75. When the action was completed in August, 1983, Attorney Harman had spent 38 hours in the matter but billed the client for $9000, with a credit given for a $500 retainer she had paid. Attorney Harman subsequently filed an action to collect his fee from the client, and the court found that he had unilaterally changed the terms of his fee contract without his client's consent and held that he was

entitled to recover $2850 for 38 hours of work, plus costs and disbursements of the action.

On the basis of these facts, the referee concluded that Attorney Harman violated SCR 20.50(2)(d) by failing to turn over his client Jackson's file as the court had ordered and the client had requested. The referee also concluded that, by attempting to collect $9000 for work for which he ultimately was found to be entitled to only $2850, Attorney Harman charged a clearly excessive fee, in violation of SCR 20.12(1).

In addition to recommending that he be publicly reprimanded for this misconduct, the referee recommended that Attorney Harman be ordered to make monetary payments to client Jackson for legal fees she incurred in obtaining and enforcing the court order requiring him to turn all files in the divorce action over to successor counsel and to client Atterholt to reimburse her for all legal fees incurred in defending his action to collect his fee. The referee stated that, if the court were to order restitution, the referee would hold further proceedings, if necessary, to determine the amount of the monetary payments.

We have had occasion to order attorneys guilty of misconduct to make restitution to persons harmed thereby, but when we did so the amount of the loss either had been ascertained or was readily ascertainable. Here, however, it does not appear that the amount of each client's loss has been ascertained. Further, absent Attorney Harman's agreement, the amount of the losses could be the subject of dispute.

While the referee offered to resolve any dispute by holding additional hearings, to do so would extend the disciplinary process to purposes which it is not designed to serve. "Discipline for misconduct ... is for the protection of the public, the courts and the legal

profession." SCR 21.03(5). It is not the purpose of lawyer discipline to make whole those harmed by attorney misconduct, although restitution is one of the stated requirements for reinstatement of a suspended or revoked license: A petition for reinstatement must show, among other things, that the petitioner "has made restitution or settled all claims from persons injured or harmed by petitioner's misconduct; or if the restitution is not complete, petitioner's explanation of the failure or inability to do so." SCR 22.28(4)(1). Of course, because we do not suspend or revoke Attorney Harman's license to practice law, there will be no reinstatement proceeding in which restitution to his clients would be a factor. Nevertheless, an order for restitution here is inappropriate, for it would convert the disciplinary proceeding into a "trial" on the issue of damages, something for which the disciplinary procedure is neither designed nor fitting.

IT IS ORDERED that Attorney Donald J. Harman is publicly reprimanded for unprofessional conduct.

IT IS FURTHER ORDERED that within 60 days of the date of this order Donald J. Harman pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing of his inability to pay the costs within the time specified, the license of Donald J. Harman to practice law in Wisconsin shall be suspended until further order of the court.