IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Donald J. HARMAN, Attorney at Law.

Supreme Court

*No. 97–1331–D. Submitted on briefs September 17, 1998.—Decided October 8, 1998.*

(Also reported in 584 N.W.2d 537.)

For Donald J. Harmon there were briefs by *Donald J. Harman*, LaCrosse.

For the Board of Attorneys Professional Responsibility there was a brief by *William J. Weigel*, litigation counsel for the Board.

¶ 1. PER CURIAM. This is an appeal by Attorney Donald J. Harman from the conclusions of the referee that he engaged in professional misconduct by failing to commence an action timely on behalf of a client, not responding to a motion to dismiss that action, and failing to inform his client that the motion to dismiss had been filed. Attorney Harman also appealed from the referee's recommendation that the court publicly reprimand him for that professional misconduct.

¶ 2. We determine that the referee properly concluded that Attorney Harman engaged in professional misconduct by failing to act promptly in his client's legal matter and notify his client of a significant procedural development in it. While we are concerned, in light of prior reprimands he has received for professional misconduct, that the public reprimand sought by the Board of Attorneys Professional Responsibility (Board) in this proceeding and recommended by the referee may not be sufficient to deter him from professional misconduct in the future, we determine that a public reprimand is the appropriate discipline to impose in this proceeding.

¶ 3. Attorney Harman, who was admitted to practice law in Wisconsin in 1960 and practices in LaCrosse, was publicly reprimanded for professional misconduct twice previously. In 1987, the court reprimanded him for having charged one client an excessive fee and for failing to turn over another client's file upon termination of representation despite a court order to do so. *Disciplinary Proceedings Against Harman*, 137 Wis. 2d 148, 403 N.W.2d 459. In 1989, he consented to a public reprimand from the Board for having acted in the presence of a conflict of interests, failing to maintain complete trust account records and render proper

accountings of funds held in trust, and failing to cooperate in the Board's investigation. The referee in the instant proceeding, Attorney Janet Jenkins, made findings of fact and conclusions of law based on a stipulation of the parties and on testimony presented at a disciplinary hearing.

¶ 4. Attorney Harman was retained in November 1991 to represent a client on a claim against a county and some of its officials concerning the client's arrest and incarceration. One of the client's claims was an allegation that the judge's signature on an arrest warrant had been forged, but that claim was not litigated due to the lack of reliable evidence. Attorney Harman filed a federal civil rights action on the client's behalf alleging that the client was unlawfully incarcerated for some eight days, as he had not been brought promptly before a magistrate, as required by law. The allegedly unlawful incarceration ended June 4, 1986, and the federal action was filed June 1, 1993, more than 18 months after the client retained Attorney Harman to represent him.

¶ 5. When the defendants in the action moved to dismiss the complaint, Attorney Harman filed nothing in response or request an extension of time to file a brief or other materials in response to the dismissal motion. Attorney Harman never notified his client of the motion to dismiss.

¶ 6. Eleven days after a response was to have been filed, the court granted the motion to dismiss and entered judgment for the defendants with prejudice and costs. The multiple grounds for the dismissal included the complaint's having failed to state a claim on which relief could be granted because the sheriff named in the complaint no longer was in office and could not be sued in any official capacity and there was

no allegation that he was personally involved in the alleged deprivation of the plaintiff's constitutional rights, the absence of any allegation that a policy or custom of the county caused the alleged deprivation of rights, and the availability of an adequate state tort law remedy. A fifth ground for the dismissal was that the plaintiff's cause of action accrued June 4, 1986, and the action was filed beyond the applicable six-year statute of limitations.

¶ 7. The referee concluded that Attorney Harman's failure to file the lawsuit within the statute of limitations constituted a failure to act with reasonable diligence and promptness in representing a client, in violation of SCR 20:1.3,[1] as did his failure to respond at all to the motion to dismiss. His failure to communicate with the client regarding the existence of the motion to dismiss constituted a failure to keep the client reasonably informed about the status of the matter, in violation of SCR 20:1.4.[2] As discipline for that misconduct, the referee recommended a public reprimand.

¶ 8. The referee rejected Attorney Harman's position, reasserted in this appeal, that he did not fail to act with reasonable diligence in failing to file the action within the six-year statute of limitations

---

[1] SCR 20:1.3 provides:

**Diligence**
A lawyer shall act with reasonable diligence and promptness in representing a client.

[2] SCR 20:1.4 provides:

**Communication**
(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.
(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

241

because it would not have mattered if he had filed it timely, for the court held that the cause of action was not cognizable in federal court because a state court remedy was available. The referee noted that Attorney Harman had taken the position that his client's claim was not barred by the statute of limitations on the theory that the statute did not begin to run when the allegedly unlawful incarceration ended but, rather, when the client discovered that he had a cause of action. The referee observed that whether or not he was correct, Attorney Harman did nothing to challenge the statute of limitations ground asserted by the defendants in their motion to dismiss.

¶ 9.   We agree. Attorney Harman filed the action believing he was setting forth a valid claim, and the fact that the trial court ultimately disagreed did not excuse his failure to file the action timely. Similarly without merit is Attorney Harman's contention that he could not be found to have failed to act with reasonable diligence by failing to respond to the motion to dismiss because any response would have made no difference to the outcome of that motion. As the referee noted, Attorney Harman admitted that he did not realize there was no cause of action until the court ruled on the dismissal motion. His contention that he did not fail to act with reasonable diligence in failing to file the action within the six-year statute of limitations because nothing he might have done would have saved the action is disingenuous.

¶ 10.   We also reject, as did the referee, Attorney Harman's position that he did not tell the client that the motion to dismiss had been filed because there was nothing the client could have told him that would have made a difference in the outcome. Regardless of the client's ability to assist him, Attorney Harman was

242

professionally obligated to keep the client informed of what was happening in his case, particularly the filing of a motion that, if granted, would leave the client without a case.

¶ 11. In recommending a public reprimand as discipline to be imposed, the referee explicitly considered that notwithstanding the absence of serious harm to the client caused by Attorney Harman's lack of diligence, there was harm to the legal profession, at least in the perception of the client that a different result might have been obtained had the action been filed timely and the motion to dismiss opposed.

¶ 12. In this appeal, Attorney Harman pointed out a $1000 arithmetical error in the Board's favor set forth in its statement of costs. He also asserted that the Board never submitted an itemized accounting of the time its attorney spent in this disciplinary matter. In response, the Board pointed out that once it became aware of the error, it was corrected and an amended statement of costs, with a full itemization of its lawyer's services, was submitted. In fact, the total costs remained the same, as the initial statement merely failed to set forth the fee of the Board's witness.

¶ 13. We adopt the referee's findings of fact and conclusions of law and determine that a public reprimand is the appropriate discipline for Attorney Harman's professional misconduct established in this proceeding. In addition to his failure to act diligently and promptly in representing this client, Attorney Harman has demonstrated a lack of understanding of his professional duties and an unwillingness to take responsibility for his misconduct.

¶ 14. IT IS ORDERED that Donald J. Harman is publicly reprimanded as discipline for professional misconduct.

¶ 15.   IT IS FURTHER ORDERED that within 60 days of the date of this proceeding, Donald J. Harman pay to the Board of Attorneys Professional Responsibility the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Donald J. Harman to practice law in Wisconsin shall be suspended until further order of the court.