# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2020AP724-D |

| | |
|---|---|
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Coral Dawn Pleas, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>       Complainant,<br>     v.<br>Coral Dawn Pleas,<br>       Respondent. |

REINSTATEMENT PETITION OF PLEAS

| | |
|---|---|
| OPINION FILED: | May 10, 2022 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| Per Curiam. | |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2020AP724-D

STATE OF WISCONSIN    :    IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Coral Dawn Pleas, Attorney at Law.**

**Complainant,**

**v.**

**Coral Dawn Pleas,**

**Respondent.**

**FILED**

**MAY 10, 2022**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY disciplinary proceeding.    *Reinstatement granted.*

¶1    PER CURIAM.    The court has before it the parties' joint stipulation for Attorney Coral Dawn Pleas' reinstatement of her license to practice law in Wisconsin.

¶2    Pursuant to Supreme Court Rule (SCR) 22.30(5)(b), the court may consider a reinstatement petition by stipulation when, as here, the Office of Lawyer Regulation (OLR) concludes after investigation that the petitioner has demonstrated, to the OLR's director's satisfaction, that all of the reinstatement criteria

have been met.  See SCR 22.305[1] and SCR 22.29.[2]  The court then considers the petition and stipulation without the appointment of

---

[1] SCR 22.305 provides:

At all times relevant to the petition, the petitioner has the burden of demonstrating, by clear, satisfactory, and convincing evidence, all of the following:

(1) That he or she has the moral character to practice law in Wisconsin.

(2) That his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest.

(3) That his or her representations in the petition, including the representations required by SCR 22.29(4)(a) to (m) and 22.29(5), are substantiated.

(4) That he or she has complied fully with the terms of the order of suspension or revocation and with the requirements of SCR 22.26

[2] SCR 22.29 provides in pertinent part:

(4) The petition for reinstatement shall show all of the following:

(a) The petitioner desires to have the petitioner's license reinstated.

(b) The petitioner has not practiced law during the period of suspension or revocation.

(c) The petitioner has complied fully with the terms of the order of suspension or revocation and will continue to comply with them until the petitioner's license is reinstated.

(d) The petitioner has maintained competence and learning in the law by attendance at identified educational activities.

a referee. SCR 22.30(5)(b). The court may approve the stipulation and reinstate the petitioner's law license, or reject the

---

(e) The petitioner's conduct since the suspension or revocation has been exemplary and above reproach.

(f) The petitioner has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with the standards.

(g) The petitioner can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and as an officer of the courts.

(h) The petitioner has fully complied with the requirements set forth in SCR 22.26.

(j) The petitioner's proposed use of the license if reinstated.

(k) A full description of all of the petitioner's business activities during the period of suspension or revocation.

(m) The petitioner has made restitution to or settled all claims of persons injured or harmed by petitioner's misconduct, including reimbursement to the Wisconsin lawyers' fund for client protection for all payments made from that fund, or, if not, the petitioner's explanation of the failure or inability to do so.

. . . .

(5) A petition for reinstatement shall be accompanied by an advance deposit in an amount to be set by the supreme court for payment of all or a portion of the costs of the reinstatement proceeding. The supreme court may extend the time for payment or waive payment in any case in which to do otherwise would result in hardship or injustice.

stipulation and refer the petition to a referee for a hearing, or direct the parties to consider modifications to the stipulation. Id.

¶3 Upon consideration of Attorney Pleas' reinstatement petition, the OLR's response pursuant to SCR 22.30(4), the parties' stipulation pursuant to SCR 22.30(5)(a), and the OLR's memorandum in support of the stipulation pursuant to SCR 22.30(5)(a), we conclude that reinstatement is appropriate.

¶4 Attorney Pleas was admitted to practice law in Wisconsin in 1993. On September 29, 2020, based on a stipulation between Attorney Pleas and the OLR, this court suspended Attorney Pleas' Wisconsin law license for six months for misconduct arising out of her representation of a client, V.B., regarding two automobile accidents that injured V.B. See In re Disciplinary Proceedings Against Pleas, 2020 WI 77, 394 Wis. 2d 6, 948 N.W.2d 901. The court determined that, during her representation of V.B. regarding the first automobile accident, Attorney Pleas committed misconduct by failing to promptly notify V.B. and V.B.'s health insurer of her receipt of $25,000 in settlement funds; failing to promptly deliver to V.B. and V.B.'s health insurer the funds to which they were entitled; failing to hold the settlement funds in trust; making disbursements from her trust account via internet banking transactions; failing to provide V.B. and V.B.'s health insurer with an accounting following final distribution of trust property; and converting the $25,000 in settlement funds to her own use. See id., ¶¶18-19, 24. The court also determined that, during her representation of V.B. regarding the second automobile accident,

4

Attorney Pleas committed misconduct by failing to file a personal injury lawsuit prior to the expiration of the statute of limitations. See id. The court also determined that, during her representation of V.B. regarding both automobile accidents, Attorney Pleas committed misconduct by failing to communicate sufficiently with V.B., including regarding the fact that the statute of limitations had expired on the second accident claim. See id. Finally, the court determined that Attorney Pleas committed misconduct by failing to file an overdraft notification agreement with the OLR. See id.

¶5 In addition to imposing a six-month license suspension, effective November 10, 2020, the court ordered Attorney Pleas to pay restitution to V.B.'s health insurer in the amount of $8,333.33 within 60 days of the date of the disciplinary decision. Id., ¶¶25-26.[3] The court further ordered Attorney Pleas to comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin have been suspended. Id., ¶27.

¶6 On November 5, 2021, Attorney Pleas filed a petition for the reinstatement of her Wisconsin law license.

¶7 On January 19, 2022, the OLR filed a response to Attorney Pleas' reinstatement petition, as required by SCR 22.30(4). In its response, the OLR explains that it investigated Attorney Pleas'

---

[3] Attorney Pleas had negotiated this amount as a compromise of a larger medical lien, but had yet to pay it out of the $25,000 she had received in settlement of V.B.'s first accident claim. See In re Disciplinary Proceedings Against Pleas, 2020 WI 77, ¶¶15-17, 394 Wis. 2d 6, 948 N.W.2d 901.

petition and found she has satisfied the criteria for reinstatement listed in SCR 22.29(4)(a)-(m).

¶8   Examining SCR 22.29(4)(a)-(m) criteria one by one, the OLR notes in its response that Attorney Pleas desires to have her law license reinstated, SCR 22.29(4)(a), and has not practiced law during the period of suspension, SCR 22.29(4)(b).  She has instead done non-legal work for a local community organization.

¶9   As for the requirement in SCR 22.29(4)(c) that Attorney Pleas demonstrate full compliance with the terms of the order of suspension, the OLR notes in its response that Attorney Pleas has met this requirement, except for minor deviations that, in its view, do not warrant the denial of Attorney Pleas' reinstatement petition.  One way the OLR identifies that Attorney Pleas did not strictly comply with our September 29, 2020 disciplinary decision is that, while we ordered Attorney Pleas to pay $8,333.33 in restitution to V.B.'s health insurer within 60 days of the decision date (i.e., by late November 2020), Attorney Pleas did not pay this amount until well later, in October 2021.  In another deviation from the terms of our disciplinary decision, while we required Attorney Pleas to notify her clients of her suspension by certified mail,[4] she did so by regular mail.  The OLR also reports that, while we required Attorney Pleas to file, within 25 days after her suspension date, an affidavit showing full compliance

---

[4] See In re Disciplinary Proceedings Against Pleas, 394 Wis. 2d 6, ¶27, (requiring Attorney Pleas to comply with the provisions of SCR 22.26); see also SCR 22.26(1)(a) (requiring a suspended lawyer to send, by certified mail, written notice of the lawyer's suspension to all clients in pending matters).

6

with her post-suspension obligations,[5] she filed this affidavit belatedly.

¶10 Nevertheless, the OLR states in its response that Attorney Pleas "in an overall sense ultimately substantially complied with the Court's September 2020 decision." The OLR credits Attorney Pleas' explanation that she satisfied her restitution obligation beyond the date we ordered because she was financially unable to do so earlier. The OLR accepts Attorney Pleas' representation that her finances were seriously compromised by her personal health problems, the adverse effect of COVID-19 on her pre-suspension business income, and her limited post-suspension income. The OLR notes that Attorney Pleas' troubled finances are documented in her tax returns and Chapter 13 bankruptcy filings. The OLR also notes that, in Attorney Pleas' belated post-suspension affidavit, she detailed the steps she took to wind down her practice by her suspension date, including successfully petitioning this court for a 30-day extension to the suspension date to allow her additional time to wind down her practice, refraining from taking any new cases, communicating with her clients verbally and via mail (albeit not certified mail) that she had been suspended, assisting her clients in transitioning their cases to successor counsel, advising all courts and adverse counsel of her impending suspension, and otherwise taking all

---

[5] See id., ¶27 (requiring Attorney Pleas to comply with the provisions of SCR 22.26); see also SCR 22.26(1)(e) (requiring a suspended lawyer to file an affidavit with the OLR director, within 25 days after the suspension date, showing compliance with his or her post-suspension obligations).

necessary steps to ensure her clients suffered no prejudice due to her suspension.

¶11 As for the reinstatement criteria set forth in SCR 22.29(4)(d)-(k), the OLR notes in its response that Attorney Pleas has maintained competence and learning in the law by attendance at identified educational activities, as evidenced by a January 12, 2022 memorandum from the Board of Bar Examiners confirming her compliance with continuing legal education and ethics and professional responsibility requirements, SCR 22.29(4)(d); that her conduct since her suspension has been exemplary and beyond reproach, SCR 22.29(4)(e); that she has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with those standards, SCR 22.29(4)(f); that, as evidenced by several character reference letters, she can safely be recommended to the legal profession, the courts, and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and as an officer of the courts, SCR 22.29(4)(g); and that, as discussed above, she has complied with the requirements set forth in SCR 22.26, SCR 22.29(4)(h). The OLR also notes that, in accordance with SCR 22.29(4)(j), Attorney Pleas has explained her proposed use of her license if reinstated: running a home-based practice handling simple wills, municipal and traffic matters, entity formation for small businesses, and other small matters for family and friends. The OLR also notes that Attorney Pleas satisfactorily described

8

her business activities during her suspension in accordance with SCR 22.29(4)(k), as she explained that she works as a Program Coach for the Martin Luther King Economic Development Corporation in Milwaukee and has served as a caretaker for her mother.

¶12 The OLR next examines in its response the requirement in SCR 22.29(4)(m) that Attorney Pleas either: (1) show she has made restitution to or settled all claims of persons injured or harmed by her misconduct; or (2) provide an explanation of her failure or inability to do so. The OLR notes that it received written comments on this point from V.B., the client involved in Attorney Pleas' earlier disciplinary matter.[6] In her written comments, V.B. states that she seeks compensation for Attorney Pleas' failure to timely file a personal injury lawsuit regarding V.B.'s second automobile accident. V.B. notes that she retained a lawyer who brought a malpractice lawsuit against Attorney Pleas, but her lawyer ultimately dismissed this lawsuit because Attorney Pleas had no malpractice insurance during the relevant time period and had commenced bankruptcy proceedings. V.B. notes that Attorney Pleas sent her lawyer in the malpractice action an offer to pay V.B. a small amount of compensation under a payment plan, but V.B.'s lawyer did not accept that proposal. V.B. states that she does not believe that Attorney Pleas has the moral character to practice law. V.B. further asks that, if this court reinstates Attorney Pleas' Wisconsin law license, the reinstatement should be

---

[6] Consistent with SCR 22.30(5)(a), the OLR attached a copy of V.B.'s comments to its memorandum in support of the stipulation for Attorney Pleas' reinstatement.

conditioned on Attorney Pleas reimbursing her for expenses that she may have recovered had Attorney Pleas timely filed a personal injury lawsuit regarding V.B.'s second automobile accident.

¶13 In its response to Attorney Pleas' reinstatement petition, the OLR states that V.B.'s objection should not preclude Attorney Pleas' reinstatement. The OLR reasons that Attorney Pleas has already been disciplined for her failure to timely file a personal injury lawsuit regarding V.B.'s second automobile accident by way of the six-month suspension imposed in this court's September 29, 2020 disciplinary decision. As for any damages V.B. was unable to recover by virtue of Attorney Pleas' failure to timely file such a lawsuit, the OLR explains that these are consequential damages, as opposed to funds that were under Attorney Pleas' direct control. Thus, the OLR writes, the situation "did not meet OLR's restitution policy, either when the disciplinary proceeding was pending or at present."

¶14 On February 14, 2022, the parties filed a stipulation in which the OLR states that Attorney Pleas has met her SCR 22.305 burden to prove by clear, satisfactory, and convincing evidence:

(1) That she has the moral character to practice law in Wisconsin.

(2) That her resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest.

(3) That her representations in the petition, including the representations required by SCR 22.29(4)(a) to (m) and 22.29(5), are substantiated.

10

(4) That she has complied fully with the terms of the order of suspension or revocation and with the requirements of SCR 22.26.

¶15 Also on February 14, 2022, the OLR filed a memorandum in support of the stipulation in which it reiterates that Attorney Pleas has satisfactorily complied with the criteria for reinstatement. The OLR further notes that it did not identify any adverse material issues during its investigation of Attorney Pleas' reinstatement petition that would justify denial of reinstatement.

¶16 Upon consideration of all of the above, we approve the parties' stipulation, adopt the stipulated facts and conclusions of law, and reinstate Attorney Pleas' Wisconsin law license.

¶17 In doing so, we note that we agree with the OLR's assessment that, despite some missteps and delay, Attorney Pleas ultimately complied with the terms of this court's September 29, 2020 disciplinary decision. See SCR 22.29(4)(c). There is no dispute that Attorney Pleas served her period of license suspension; that she fully paid the restitution we ordered her to pay in what appears to be as timely a manner as possible given her troubled financial circumstances; that she in fact notified clients of her license suspension (albeit not by certified mail); and that she filed a post-suspension affidavit with the OLR director (albeit belatedly). Under the circumstances presented here, the court will not penalize Attorney Pleas for her imperfect, but ultimately effective, efforts to comply with the terms of our September 29, 2020 disciplinary decision.

11

¶18 We further agree with the OLR that V.B.'s written comments should not preclude Attorney Pleas' reinstatement, nor trigger the imposition of restitution to V.B. as a condition of reinstatement. We did not order Attorney Pleas to pay restitution to V.B. in our September 29, 2020 disciplinary decision.[7] Although we recently denied reinstatement to a lawyer for a failure to make restitution even though restitution was not expressly ordered in the original disciplinary proceeding, see In re Disciplinary Proceedings Against Parks, 2021 WI 10, 395 Wis. 2d 500, 953 N.W.2d 873, in that instance the restitution at issue consisted of funds that the lawyer had wrongfully obtained. Id., ¶¶20-32 (denying reinstatement petition due to lawyer's failure to voluntarily reimburse his former law firm for legal fees he diverted from it, or his clients for an improperly solicited "gift"). By comparison, in this case, V.B. seeks consequential damages; i.e., damages resulting from Attorney Pleas' alleged malpractice in failing to timely bring a personal injury lawsuit regarding her second automobile accident. The disciplinary process is neither intended nor designed to handle the questions of causation, contributory negligence, mitigation, burdens of

---

[7] We specifically noted that, with respect to V.B.'s first accident claim, Attorney Pleas eventually paid V.B. a portion of the $25,000 settlement that she negotiated on V.B.'s behalf and refunded the full attorney's fee to V.B. See In re Disciplinary Proceedings Against Pleas, 394 Wis. 2d 6, ¶¶16-17. We did not discuss the issue of restitution with respect to Attorney Pleas' failure to timely file a personal injury lawsuit regarding V.B.'s second accident claim.

12

proof, and other issues that would need to be resolved in order to determine V.B.'s consequential damages. As we have explained:

> Whereas the goal of a legal malpractice action is to put clients in the position they would have occupied had the attorney not been negligent, the goal of a disciplinary proceeding is something else entirely: to protect the public, the courts, and the legal profession from attorneys who fail to meet minimum standards of conduct. See In re Disciplinary Proceedings Against Harman, 137 Wis. 2d 148, 151, 403 N.W.2d 459 (1987). "It is not the purpose of lawyer discipline," we have noted, "to make whole those harmed by attorney misconduct." Id.

In re Disciplinary Proceedings Against Boyle, 2015 WI 110, ¶44, 365 Wis. 2d 649, 872 N.W.2d 637.

¶19 We note, too, that V.B. states in her written comments that Attorney Pleas contacted V.B.'s lawyer in her malpractice action and offered to pay a small amount of compensation to V.B. under a payment plan, but V.B.'s lawyer did not accept this proposal and dismissed the action. Thus, it is not the case that Attorney Pleas "has made no effort at all to make restitution to or settle all claims of persons injured or harmed by [her] misconduct," as was the case for the respondent-lawyer in In re Disciplinary Proceedings Against Parks, 395 Wis. 2d 500, ¶32. We therefore conclude that, under the circumstances presented here, Attorney Pleas has satisfied her burden to demonstrate compliance with SCR 22.29(4)(m).

¶20 In sum, then, we conclude that Attorney Pleas has the moral character to practice law in Wisconsin, SCR 22.305(1); that her resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest, SCR 22.305(2); that her representations in her petition, including

13

the representations required by SCR 22.29(4)(a) to (m) and SCR 22.29(5), are substantiated, SCR 22.305(3); and that she has complied fully with the terms of the suspension order and with the requirements of SCR 22.26, SCR 22.305(4). Accordingly, we accept the parties' stipulation pursuant to SCR 22.30(5)(b), and we reinstate Attorney Pleas' license to practice law in Wisconsin, effective the date of this order.

¶21 IS ORDERED that the petition for reinstatement of Coral Dawn Pleas to practice law in Wisconsin is granted, effective the date of this order.

¶22 IT IS FURTHER ORDERED that no costs will be imposed in connection with this reinstatement proceeding.